Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Bryan A. Lindsey, Esq.  
Nevada Bar No. 10662  
Schwartz Law Firm, Inc.  
701 E. Bridger Avenue, Suite 120  
Las Vegas, Nevada 89101  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Proposed Attorneys for the Debtor  
and Debtor-in-Possession  

E-Filed: December 8, 2010

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:

Ad Systems Communications, Inc.,

   Debtor.

)  CASE NO.: 10-32725-BAM  
)  
)  Chapter 11  
)  
)  Hearing Date: January 18, 2011  
)  Hearing Time: 10:00 a.m.  
)

**APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC AS NOTICE, CLAIMS AND SOLICITATION AGENT**

Ad Systems Communications, Inc., the debtor and debtor-in-possession in the above-referenced case(the "**Debtor**") hereby applies to this Court (the "**Application**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor's employment and retention of Kurtzman Carson Consultants LLC ("**KCC**") as notice, claims and solicitation agent in connection with the Debtor's Chapter 11 case. In support of this Application, the Debtor submits the Declaration of Albert Kass, Vice President of Corporate Restructuring Services (the "**KassDeclaration**"), which is attached hereto as **Exhibit B** and incorporated by reference herein. In further support of this Application, the Debtor respectfully states as follows:

1

**BACKGROUND**

1. On December 6, 2010 (the "**Petition Date**"), the Debtor fileda voluntary petition in this Court for reorganization relief under chapter 11 of title 11 ofthe United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").The Debtor continuestooperate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No creditors' committee has been appointed in this Chapter 11 case bythe United States Trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is acore proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein aresection156(c) of title 28 of the United States Code, section 503(b) of the Bankruptcy Code and Fed. R. Bank. P. 2014 and2016 (the "**Bankruptcy Rules**").

**RELIEF REQUESTED**

5. By this Application, the Debtor seeks to retain and employ KCC subject to that certain agreement for services, dated as of November 29, 2010, by and between KCC and the Debtor (such agreement together with all amendments, modifications, renewals thereof and all documents ancillary thereto or otherwise entered into in connection therewith, are collectively referred to herein as the "**Services Agreement**"), a copy of which is attached hereto as **Exhibit C** and incorporated by reference herein.

## KCC's QUALIFICATIONS

6. As described in the Debtor's Declaration in Support of Bankruptcy Filing and First Day Motions, the Debtor has numerous of potential creditors. In addition to these creditors, there are hundreds of other parties in interest in the Debtor's Chapter 11 case, including equity holders. In accordance with Rule 2002(c) of the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada (the "**Local Rules**"), the office of the Clerk of the United States Bankruptcy Court for the District of Nevada (the "**Clerk's Office**") will not ordinarily serve notices on the Debtor's creditors and other parties in interest in cases involving over 200 creditors and/or parties in interest. Here, there are well over 200 creditors and/or parties in interest.

7. Accordingly, the Debtor proposes to engage KCC to act as the Debtor's notice, claims and solicitation agent. This retention is the most effective and efficient manner of noticing the hundreds of creditors and parties in interest of the filing of the Chapter 11 case and other developments in the Chapter 11 case. In that capacity, KCC will transmit, receive, docket and maintain proofs of claim filed in connection with the Chapter 11 case.

8. KCC is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, balloting and other related services critical to the effective administration of chapter 11 cases. Indeed, KCC has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with the noticing, claims processing and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders and all parties in interest. Further, KCC will work with the Clerk's Office to ensure that such methodology

conforms with all of the Court's procedures, the Local Rules and the provisions of any orders entered by this Court.

9. KCC has substantial experience in matters of this size and complexity and has acted as the official notice, claims and solicitation agent in many large bankruptcy cases in this District and other districts nationwide. See, e.g., In re Lake Las Vegas Joint Venture, LLC, Case No. 08-17814 (Bankr. D. Nev. 2008); In re EuroFresh, Inc., et al., Case No. 09-07970 (Bankr. D. Ariz. 2009); In re Fleetwood Enterprises, Inc., Case No. 09-14254 (Bankr. C.D. Cal. 2009); In re Woodside Group, LLC, et al., Case No. 08-20969 (Bankr. C.D. Cal. 2008).[1]

**SERVICES TO BE PROVIDED**

10. Specifically, the Debtor seeks to engage KCC to provide certain noticing, claims processing and balloting administration services including, without limitation:

    a. Preparing and serving required notices in the Chapter 11 case, including:

        i. notice of the commencement of the Chapter 11 case and the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

        ii. a notice of the claims bar date;

        iii. notices of objections to claims and objections to transfers of claims;

        iv. notices of hearings on motions filed by the Office of the United States Trustee for the District of Nevada (the "**U.S. Trustee**");

        v. notices of transfers of claims;

        vi. notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization; and

---

[1] Because of the voluminous nature of the orders cited herein, they are not attached to the Application. Copies of these orders, however, are available on request of the Debtor's proposed counsel.

4

        vii.    such other miscellaneous notices as the Debtor or Court may deem necessary or appropriate for an orderly administration of the Chapter 11 case.

b.    Within seven (7) days after the mailing of a particular notice, filing with the Court a copy of the notice served with a certificate of service attached indicating the name and complete address of each party served.

c.    Receiving, examining, and maintaining copies of all proofs of claim and proofs of interest filed in the Chapter 11 case.

d.    Maintaining official claims registers in the Chapter 11 case by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

        i.    the name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

        ii.    the date the proof of claim or proof of interest was received by KCC and/or the Court;

        iii.    the claim number assigned to the proof of claim or proof of interest; and

        iv.    the asserted amount and classification of the claim.

e.    Recording all transfers of claims pursuant to Bankruptcy Rule 3001(e).

f.    Revising the creditor matrix after the objection period expires.

g.    Recording any order entered by the Court which may affect a claim by making a notation on the claims register.

h.    Monitoring the Court's docket for any claims related pleading filed and making necessary notations on the claims register.

i.    Filing a quarterly updated claims register with the Court in alphabetical and numerical order. If there was no claims activity, a certification of no claim activity may be filed.

j.    Maintaining an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or proofs of

                interest and/or requests for notices in the Chapter 11 case and providing such list to the Court or any interested party upon request (within 48 hours).

  k.      Providing access to the public for examination of claims and the claims register at no charge.

  l.      Forwarding all claims, an updated claims register and an updated mailing list to the Court within 10 days of entry of an order converting a case or within 30 days of entry of a final decree. The claims register and mailing list will be provided in both paper and on disc and in alphabetical and numerical order. The mailing list disc will be in .txt format.

  m.      Implementing necessary security measures to ensure the completeness and integrity of the claims registers.

  n.      Complying with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements.

  o.      Providing temporary employees to process claims as necessary.

  p.      Promptly complying with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

  q.      Providing such other claims processing, noticing, and administrative services as may be requested from time to time by the Debtor.

11.    In addition to the foregoing, KCC will assist with, among other things: (a) maintaining and updating the master mailing lists of creditors; (b) to the extent necessary, gathering data in conjunction with the preparation of the Debtor's schedules of assets and liabilities and statements of financial affairs; (c) tracking and administration of claims; and (d) performing other administrative tasks pertaining to the administration of the chapter 11 cases, as may be requested by the Debtor or the Clerk's Office. KCC will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk of the Court and the Judicial Conference of the United States and as may be entered by the Court's order.

12. KCC also has agreed to provide noticing services in these cases to the U.S. Trustee.

**PROFESSIONAL COMPENSATION**

13. The fees to be charged by KCC in connection with this chapter 11 case are set forth in the Services Agreement. The Debtor proposes that the cost of KCC's services be paid from the Debtor's estate as provided by 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A). The Debtor respectfully submits that KCC's rates for its services in connection with the notice, claims processing and solicitation services are competitive and comparable to the rates charged by their competitors for similar services.

14. Furthermore, the Debtor respectfully submits that the fees and expenses incurred by KCC are administrative in nature and, therefore, should not be subject to the standard fee application procedures for professionals. Specifically, the Debtor requests authorization to compensate KCC in accordance with the terms and conditions set forth in the Services Agreement, upon KCC's submission to the Debtor of invoices summarizing in reasonable detail the services rendered and expenses incurred in connection with services provided by KCC to the Debtor.

**KCC's DISINTERESTEDNESS**

15. Although the Debtor does not propose to retain KCC under § 327 of the Bankruptcy Code, to the best of KCC's knowledge, and except as set forth in the KassDeclaration, KCC neither holds nor represents an interest materially adverse to the Debtor's estate nor has a connection to the Debtor, its creditors or its related parties with respect to any matter for which KCC will be employed. KCC may have relationships with certain of the

7

Debtor's creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent for another chapter 11 debtor.

16. To the best of the Debtor's knowledge and except as disclosed in the KassDeclaration, KCC neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed and that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 as referred to in section 327(a) of the Bankruptcy Code.

17. KCC represents, among other things, that:

    a. it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Agent;

    b. by accepting employment in this bankruptcy case, KCC waives any right to receive compensation from the United States government; and

    c. in its capacity as Agent, KCC will not be an agent of the United States and will not act on behalf of the United States.

18. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to file promptly a supplemental declaration.

## BASIS FOR RELIEF

19. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of a bankruptcy court, authorizes the Court to use "facilities" or "services" other than the Clerk's Office for administration of bankruptcy cases. It states:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the

8

>assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

20. Accordingly, § 156(c) of title 28 of the United States Code empowers the Court to utilize outside agents and facilities for notice and claims purposes, provided the Debtor's estate pays the cost of such services. Additionally, Local Rule 2002(c) requires the Debtor to mail out appropriate notices in cases with over 200 creditors. Therefore, for all of the foregoing reasons, the Debtor believes that the retention of KCC as the notice and claims agent in the Chapter 11 case is in the best interests of the Debtor, its estate and its creditors. Furthermore, the Debtor respectfully submits that the fees and expenses that would be incurred by KCC under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

21. Courts in this jurisdiction and other jurisdictions have approved similar relief in other chapter 11 cases. See e.g., In re Zante, Inc., Case No. 09-50746-GWZ (Bankr. D. Nev. 2009); In re Lake at Las Vegas Joint Venture, LLC, Case No. 08-17814-LBR (Bankr.D. Nev. 2008); In re USA Capital Realty Advisors, LLC, Case No. 06-10726-LBR (Bankr. D. Nev. 2006).

## NOTICE

22. The Debtors have provided notice of this Application by overnight mail and, when possible, electronic mail or facsimile to: (a) the U.S. Trustee; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; and (c) certain governmental agencies including the Internal Revenue Service, the United States Attorney's Office, the Clark County Assessor, the Clark County Treasurer and the Nevada Department of

9

Taxation. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

### No Prior Request

23. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the KassDeclaration, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtor to employ and retain KCC as their notice, claims and solicitation agent effective as of the Petition Date, (b) approving the terms of the Services Agreement and (c) granting such other and further relief as is appropriate.

Dated this 8th day of December, 2010.

/s/Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via ELECTRONIC MAIL to the following on December 8, 2010:

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via REGULAR U.S. MAIL to the following on December 8, 2010:

| | |
|---|---|
| Dept of Employment, Training and Rehab<br>Employment Security Division<br>500 East Third Street<br>Carson City, NV 89713 | US Attorney<br>701 E. Bridger Avenue<br>Las Vegas, NV 89101 |
| IRS<br>P.O. Box 21126<br>DPN 781<br>Philadelphia, PA 19114 | Panos Industries, LLC<br>1350 East Flamingo Rd.<br>Las Vegas, NV 89119 |
| Nevada Dept of Taxation, BK Section<br>555 E. Washington Ave. #1300<br>Las Vegas, NV 89101 | R. Gordon Jones<br>1393 N. Bennett Circle<br>Farmington, UT 84025 |
| J. Michael Heil<br>38888 Ridge Drive<br>Scio, OR 97374 | SAALFELD GRIGGS PC<br>Randall P. Sutton, OSB<br>P.O. Box 470<br>Salem, OR 97308-0470 |
| MegAvail, Inc.<br>Attn: Paul Hauer<br>15223 S. Henrici Road<br>Oregon City, OR 97045-9513 | Clark County Assessor<br>500 South Grand Central Parkway<br>Las Vegas, NV 89155-1401 |
| | Clark County Treasurer<br>500 South Grand Central Parkway<br>P.O. Box 551220<br>Las Vegas, NV 89155-1220 |

/s/ Janine Lee
    Janine Lee