# EXHIBIT A

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor
and Debtor-in-Possession

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.: 10-32725-BAM |
| | Chapter 11 |
| Ad Systems Communications, Inc., | |
| | Hearing Date: January 18, 2011 |
| Debtor. | Hearing Time: 10:00 a.m. |

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
### KURTZMAN CARSON CONSULTANTS LLC AS NOTICE, CLAIMS
### AND SOLICITATION AGENT FOR THE DEBTOR

Upon the application (the "**Application**") of the Debtor[1] for entry of an order authorizing the employment of Kurtzman Carson Consultants LLC ("**KCC**") as the notice, claims and solicitation agent for the Debtor, all as more fully set forth in the Application; pursuant to 28 U.S.C. § 156(c); upon consideration of the Kass Declaration; and it appearing that the relief

---

[1] All capitalized terms used but otherwise not defined herein shall have the meaning set forth in the Application.

1

requested is in the best interests of the Debtor's estate, its creditors and all other parties in interest; and due and sufficient notice of the Application having been given; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that based on the representations made in the Kass Declaration that KCC does not hold or represent an interest adverse to the Debtor's estate; and the Court having found that due and proper notice of the Application has been provided and no other or further notice need be provided; and upon all of the proceedings heard before the Court; and after due deliberation and sufficient cause appearing therefor it is hereby:

**ORDERED** that the Application is granted; and it is futher

**ORDERED** that the Debtor is authorized to employ and retain KCC as its notice, claims and solicitation agent in accordance with the terms and conditions set forth in the Application and the Services Agreement; and it is further

**ORDERED** that KCC is authorized to provide noticing and claims processing services as set forth in the Application and the Servicing Agreement; and it is further

**ORDERED** that the terms of the Services Agreement are approved as provided herein subject to the terms of this Order; and it is further

**ORDERED** that in addition to the services set forth in the Application and the Services Agreement, KCC is authorized to provide other noticing, claims processing, solicitation and administrative services the Debtor may request from time to time; and it is further

**ORDERED** that KCC is appointed as agent for the office of the Clerk of this Court (the "**Clerk's Office**") and, as such, is designated as the authorized repository for all proofs of claims filed in these Chapter 11 case and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk's Office with a certified duplicate thereof as the Clerk's Office may direct; and it is further

**ORDERED** that KCC is authorized to provide noticing services in the Chapter 11 case to the U.S. Trustee; and it is further

**ORDERED** that without further order of the Court, the Debtor is authorized to compensate KCC in accordance with the terms and conditions of the Services Agreement, upon KCC's submission to the Debtor of invoices summarizing in reasonable detail the services and expenses for which compensation is sought; and it is further

**ORDERED** that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC incurred pursuant to the Services Agreement shall be an administrative expense of the Debtors' estates; and it is further

**ORDERED** that notwithstanding any provision in the Services Agreement, the Debtors shall indemnify KCC solely to the extent set forth below:

    a.    Subject to the provisions of subparagraphs (c) and (d) below, the Debtor shall indemnify KCC for any claim arising from, related to or in connection with, their performance of the services described in the Services Agreement;

    b.    KCC shall not be entitled to indemnification, contribution or reimbursement for services other than the services to be provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    c.    Notwithstanding anything to the contrary in the Services Agreement, the Debtor shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense that is either (i) judicially determined (the determination having become final)

3

to have arisen primarily from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtor alleges breach of the KCC's contractual obligations under the Services Agreement unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to <u>In re United Artists Theatre Co.</u>, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement, as modified by the Application and Order;

d.  If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 case, KCC believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Indemnification Agreement (as modified by this Application Order), including without limitation the advancement of defense costs, KCC must file an application before this Court, and the Debtor may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the court shall have jurisdiction over any request for fees and expenses for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify KCC.

and it is further

**ORDERED** that nothing herein obligates a successor Chapter 11 trustee or Chapter 11 trustee to employ KCC; and it is further

**ORDERED** that the Debtor and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

**ORDERED** that notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Submitted by:

THE SCHWARTZ LAW FIRM, INC.


By:     /s/ Samuel Schwartz
        SAMUEL A. SCHWARTZ # 10985
        Attorney for Debtor

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.


APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

###