# EXHIBIT B

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for Debtor
And Debtor in Possession

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | CASE NO.: 10-32725-BAM |
| ) | |
| Ad Systems Communications, Inc., ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

STATE OF NEVADA    )
                   )   ss:
COUNTY OF CLARK    )

**DECLARATION OF ALBERT KASS IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS NOTICE, CLAIMS AND SOLICITATION AGENT**

ALBERT KASS, being duly sworn, deposes and says:

1. I am the Vice President of Corporate Restructuring Services of Kurtzman Carson Consultants LLC ("**KCC**"), a company specializing in the administration of large bankruptcy cases.

2. I submit this Declaration in support of the application (the "**Application**") of the Debtor[1] for authorization pursuant to 28 U.S.C. § 156(c) to employ and retain KCC as notice,

---

[1] All capitalized terms used but otherwise not defined herein shall have the same meanings set forth in the Application.

Page 1 of 7

claims and solicitation agent in connection with this Chapter 11 case. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### KCC's Qualifications

3. KCC is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, balloting and other related services critical to the effective administration of chapter 11 cases. Indeed, KCC has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with the noticing, claims processing and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders and all parties in interest. Further, KCC will work with the Clerk's Office to ensure that such methodology conforms with all of the Court's procedures, the Local Rules and the provisions of any orders entered by this Court.

4. KCC has substantial experience in matters of this size and complexity and has acted as the official notice, claims and solicitation agent in many large bankruptcy cases in this District and other districts nationwide. See, e.g., In re Lake Las Vegas Joint Venture, LLC, Case No. 08-17814 (Bankr. D. Nev. 2008); In re EuroFresh, Inc., et al., Case No. 09-07970 (Bankr. D. Ariz. 2009); In re Fleetwood Enterprises, Inc., Case No. 09-14254 (Bankr. C.D. Cal. 2009); In re Woodside Group, LLC, et al., Case No. 08-20969 (Bankr. C.D. Cal. 2008).

### Services to be Provided

5. Specifically, the Debtor seeks to engage KCC to provide certain noticing, claims processing and balloting administration services including, without limitation:

    a.    Preparing and servicing required notices in the Chapter 11 case, including:

      i. notice of the commencement of the Chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

      ii. a notice of the claims bar date;

      iii. notices of objections to claims and objections to transfers of claims;

      iv. notices of hearings on motions filed by the Office of the United States Trustee for the District of Nevada (the "**United States Trustee**");

      v. notices of transfers of claims;

      vi. notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization; and

      vii. such other miscellaneous notices as the Debtor or Court may deem necessary or appropriate for an orderly administration of the Chapter 11 case.

b. Within seven (7) days after the mailing of a particular notice, filing with the Court a copy of the notice served with a certificate of service attached indicating the name and complete address of each party served.

c. Receiving, examining, and maintaining copies of all proofs of claim and proofs of interest filed in the Chapter 11 case.

d. Maintaining official claims registers in the Chapter 11 case by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

      i. the name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

      ii. the date the proof of claim or proof of interest was received by KCC and/or the Court;

      iii. the claim number assigned to the proof of claim or proof of interest;

      iv. the asserted amount and classification of the claim; and

        v.  the applicable Debtor against which the claim or interest is asserted.

e.  Recording all transfers of claims pursuant to Bankruptcy Rule 3001(e).

f.  Revising the creditor matrix after the objection period expires.

g.  Recording any order entered by the Court which may affect a claim by making a notation on the claims register.

h.  Monitoring the Court's docket for any claims related pleading filed and making necessary notations on the claims register.

i.  Filing a quarterly updated claims register with the Court in alphabetical and numerical order.  If there was no claims activity, a certification of no claim activity may be filed.

j.  Maintaining an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or proofs of interest and/or request for notices in the Chapter 11 case and providing such list to the Court or any interested party upon request (within 48 hours).

k.  Forwarding all claims, an updated claims register and an updated mailing list to the Court within 10 days of entry of an order converting a case or within 30 days of entry of a final decree.  The claims register and mailing list will be provided in both paper and on disc and in alphabetical and numerical order.  The mailing list disc will be in .txt format.

l.  Implementing necessary security measures to ensure the completeness and integrity of the claims registers.

m.  Complying with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders, and other requirements.

n.  Providing temporary employees to process claims as necessary.

o.  Promptly complying with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

p.  Providing such other claims processing, noticing, and administrative services as may be requested from time to time by the Debtor.

6. In addition to the foregoing, KCC will assist with, among other things: (a) maintaining and updating the master mailing lists of creditors; (b) to the extent necessary, gathering data in conjunction with the preparation of the Debtor's schedules of assets and liabilities and statements of financial affairs; (c) tracking and administration of claims; and (d) performing other administrative tasks pertaining to the administration of the Chapter 11 cases, as may be requested by the Debtor or the Clerk's Office. KCC will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk of the Court and the Judicial Conference of the United States and as may be entered by the Court's order.

7. KCC also has agreed to provide noticing services in these cases to the U.S. Trustee.

### Professional Compensation

8. The Services Agreement sets forth the fees KCC charges for the services it will provide to the Debtor. The proposed compensation arrangement is consistent with, and typical of, arrangements of KCC and its competitor firms to provide claims and noticing agent services in chapter 11 cases.

9. KCC requests that the Debtor pay its fees and expenses in accordance with the terms of the Services Agreement. KCC will submit invoices summarizing, in reasonable detail, the services and expenses for which compensation is sought.

### KCC's Disinterestedness

10. Although the Debtor does not propose to retain KCC under § 327 of the Bankruptcy Code, KCC has nonetheless conducted a conflicts analysis and, to the best of its knowledge, KCC neither holds nor represents an interest materially adverse to the Debtor's estate nor has a material connection to the Debtor, its creditors or its related parties with respect

to any matter for which KCC will be employed. KCC may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent for another chapter 11 debtor. To the best of my knowledge, such relationships are materially unrelated to this Chapter 11 case. In addition, KCC personnel may have relationships with some of the Debtor's creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to this Chapter 11 case. KCC has and will continue to represent clients in matters materially unrelated to this Chapter 11 case. In addition, KCC has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtor's case in matters unrelated to this case.

11. KCC is an indirect subsidiary of Computershare Limited. Computershare Limited is a financial services and technologies provider for the global securities industry. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. As such, any relationships that Computershare Limited and its affiliates maintain do not create an interest of KCC that would be materially adverse to the Debtor's estates or any class of creditors or equity security holders. Administar, a claims and noticing agent, is also an indirect subsidiary of Computershare Limited. On June 10, 2009, the marketing and operation of Administar's restructuring services were consolidated under KCC.

12. To the best of my knowledge and except as disclosed herein, KCC neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed and that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 as referred to in section

327(a) of the Bankruptcy Code. KCC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

13. KCC represents, among other things, that:

   a. it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as Agent;

   b. by accepting employment in this bankruptcy case, KCC waives any right to receive compensation from the United States government; and

   c. in its capacity as Agent, KCC will not be an agent of the United States and will not act on behalf of the United States.

14. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to file promptly a supplemental affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: *[signature]*
Albert Kass
Vice President of Corporate Restructuring Services