Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Bryan A. Lindsey, Esq.  
Nevada Bar No. 10662  
Schwartz Law Firm, Inc.  
701 E. Bridger Avenue, Suite 120  
Las Vegas, Nevada 89101  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Proposed Attorneys for the Debtor  
and Debtor-in-Possession  

E-Filed: December 17, 2010

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:  

Ad Systems Communications, Inc.,  

           Debtor.  

)  CASE NO.: 10-32725-BAM  
)  
)  Chapter 11  
)  
)  Hearing Date: January 18, 2011  
)  Hearing Time: 10:00 a.m.  
)  

**APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING  
THE DEBTOR TO EMPLOY AND RETAIN CANE CLARK LLP AS  
<u>SPECIAL SECURITIES COUNSEL FOR THE DEBTOR</u>**

    Ad Systems Communications, Inc., the debtor and debtor-in-possession in the above-referenced case(the "**Debtor**") hereby applies to this Court (the "**Application**") for the entry of an order authorizing the Debtor's employment and retention of Cane Clark LLP ("**Cane Clark**") as special securities counsel for the Debtor. In support of this Application, the Debtor submits the Declaration of Scott Doney of Cane Clark, LLP (the "**Doney Declaration**"), which is attached hereto as **Exhibit A** and incorporated by reference herein. In further support of this Application, the Debtor respectfully states as follows:

### BACKGROUND

    1.      On December 6, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11

1

U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No creditors' committee has been appointed in this Chapter 11 case by the United States Trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein aresection156(c) of title 28 of the United States Code, section 503(b) of the Bankruptcy Code and Fed. R. Bank. P. 2014 and2016 (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

5. By this Application, the Debtor seeks to retain and employ Cane Clark, subject to that certain agreement for services, dated as of February 12, 2010, by and between Cane Clark and the Debtor (such agreement together with all amendments, modifications, renewals thereof and all documents ancillary thereto or otherwise entered into in connection therewith, are collectively referred to herein as the "**Services Agreement**"), a copy of which is attached hereto as **Exhibit B** and incorporated by reference herein.

6. Specifically, and as more particularly described below, the Debtor, being a public company, seeks authorization for Cane Clark to continue as the Debtor's securities counsel and allow Cane Clark to continue preparing and filing all appropriate 10-K and 10-Q financial reports to the Securities and Exchange Commission ("**SEC**") as such reports may become due.

7. The Debtor selected Cane Clark as special securities counsel and to advise it in connections with its obligations as a public company since the Debtor became a public company in February 2010. As a consequence, Cane Clark has intimate knowledge of the facts and circumstances surrounding the Debtor and its reporting obligations to the SEC. Cane Clark prepared the Debtor's 10-K filing for the year ending December 31, 2009 and also prepared the Debtor's first three 10-Q filings for the first three quarters for 2010. The Debtor believes that both the strategic interruption and the duplicative cost involved in obtaining substitute counsel to replace Cane Clark's unique role at this juncture would be extremely harmful to the Debtor and its estate. Were the Debtor required to retain counsel other than Cane Clark in connection with the specific and limited matters upon which the firm's advice is sought, the Debtor, its estate and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Cane Clark's ready familiarity with the intricacies of the Debtor's operations and financial reports.

### CANE CLARK'S QUALIFICATIONS

8. Cane Clark is a law firm specializing in corporate and securities matters and is intimately familiar with the Debtor's business. Cane Clark has extensive experience and expertise in several corporate and securities matters akin to its representation of the Debtor. As such, the Debtor submits that Cane Clark is well qualified and uniquely able to provide the specialized legal advice sought by the Debtor on a going-forward basis, and Cane Clark's retention as special securities counsel is in the best interest of the Debtor and its estate.

### SERVICES TO BE PROVIDED

1. Specifically, the Debtor seeks to engage Cane Clark to provide the following:

    a. General corporate and securities counsel

b. 1933 Securities Act and 1934 Securities and Exchange Act reports with the Securities and Exchange Commission

c. Representation in connection with FINRA and matters related to the Debtor's quotation on the OTCBB under the symbol ADSY

## PROFESSIONAL COMPENSATION

11. In accordance with section 330(a) of the Bankruptcy Code, the Debtor proposes to compensate Cane Clark on an hourly basis at its customary hourly rates for services rendered, plus reimbursement of actual, necessary expenses incurred by Cane Clark, as set forth in the Services Agreement. The primary members of Cane Clark who will be handling the above matters and their current standard hourly rates are:

|     | Attorney | Hourly Rate |
|-----|----------|-------------|
| (a) | Bryan R. Clark | $410 per hour |
| (b) | Scott P. Doney | $275 per hour |
| (c) | John J. Laxague | $285 per hour |

The Debtor expects that Cane Clark's limited role in this case will be to advise and represent the Debtor in connection with its reporting duties to the SEC. To that end, the Debtor expects that the number of hours expended by Cane Clark is expected to be quite small as compared with the hours to be expended by the Debtor's general bankruptcy and reorganization counsel. Accordingly, the Debtor believes that the staffing and the hourly rates set forth above are reasonable and should be approved.

12. Cane Clark will submit interim and final applications for compensation in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and such other and further Orders as the Court may direct.

## CANE CLARK's DISINTERESTEDNESS

13. To the best of the Debtor's knowledge and except as disclosed in the Doney Declaration, Cane Clark neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed and that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 as referred to in section 327(a) of the Bankruptcy Code.

14. Further, to the best of the Debtor's knowledge, Cane Clark does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the United States Trustee or any of its employees, except as set forth in the Doney Declaration.

15. Should Cane Clark discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Cane Clark will use reasonable efforts to file promptly a supplemental declaration.

## **NOTICE**

16. The Debtors have provided notice of this Application by overnight mail and, when possible, electronic mail or facsimile to: (a) the U.S. Trustee; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; and (c) certain governmental agencies including the Internal Revenue Service, the United States Attorney's Office, the Clark County Assessor, the Clark County Treasurer and the Nevada Department of Taxation. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## **No Prior Request**

17. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Doney Declaration, the Debtor respectfully requests that the Court enter an order (a) authorizing the Debtor to employ and retain Cane Clark as their special securities counsel effective as of the Petition Date, (b) approving the terms of the Services Agreement and (c) granting such other and further relief as is appropriate.

Dated this 17th day of December, 2010.

/s/Samuel A. Schwartz_____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
701 E. Bridger Avenue, Suite 120
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor
and Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via ELECTRONIC MAIL to the following on December 17, 2010:

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via REGULAR U.S. MAIL to the following on December 17, 2010:

| | |
|---|---|
| Dept of Employment, Training and Rehab<br>Employment Security Division<br>500 East Third Street<br>Carson City, NV 89713 | US Attorney<br>701 E. Bridger Avenue<br>Las Vegas, NV 89101 |
| IRS<br>P.O. Box 21126<br>DPN 781<br>Philadelphia, PA 19114 | Panos Industries, LLC<br>1350 East Flamingo Rd.<br>Las Vegas, NV 89119 |
| Nevada Dept of Taxation, BK Section<br>555 E. Washington Ave. #1300<br>Las Vegas, NV 89101 | R. Gordon Jones<br>1393 N. Bennett Circle<br>Farmington, UT 84025 |
| J. Michael Heil<br>38888 Ridge Drive<br>Scio, OR 97374 | SAALFELD GRIGGS PC<br>Randall P. Sutton, OSB<br>P.O. Box 470<br>Salem, OR 97308-0470 |
| MegAvail, Inc.<br>Attn: Paul Hauer<br>15223 S. Henrici Road<br>Oregon City, OR 97045-9513 | Clark County Assessor<br>500 South Grand Central Parkway<br>Las Vegas, NV 89155-1401 |
| | Clark County Treasurer<br>500 South Grand Central Parkway<br>P.O. Box 551220<br>Las Vegas, NV 89155-1220 |

 /s/ Janine Lee
　　　Janine Lee