LISOWSKI LAW FIRM, CHTD.  E-FILED ON June 20, 2011
James F. Lisowski, Sr., Esq.
Nevada Bar No.: 4321
1661 East Flamingo Road
Suite 5-A
Las Vegas, Nevada 89119
Email: lisowskilaw@aol.com
Phone: (702) 737-6111
Fax:    (702) 737-6112

Attorneys for Chapter 7
Trustee, JAMES F. LISOWSKI, SR.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.:    BK-S-10-32725 BAM |
| AD SYSTEMS COMMUNICATIONS, INC. | Chapter 11 |
| Address: | Date of Hearing: OST Pending |
| | Time of Hearing: OST Pending |
| Debtor. | |

**APPLICATION FOR THE ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 328 AND 331 AND FED R. BANKR. P.2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF THE LISOWSKI LAW FIRM AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION**

Ad Systems Communications, Inc., the debtor and debtor in possession in the above referenced case (the "Debtor") hereby applies to this Court (the "Application") for the entry of an order pursuant to 11 U.S.C. §§ 327 (a), 328 329 and 331 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of The Lisowski Law Firm, Chtd., (hereinafter referred to as "LLF") as counsel for the Debtor. In support of this Application, the Debtor relied on the Declaration and Statement of Mr. James F. Lisowski, Esq., which is attached hereto as Exhibit A (the "Lisowski Declaration"). In further support of this Application, the Debtor respectfully represent as follows:

1. On December 6, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code. The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

2. No creditors committee has been appointed in this case by the United States Trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

4. On June 3, 2011. The Schwartz Law Firm withdrew as counsel for the Debtor. The Debtor now seeks to employ new counsel to finish this case.

5. The Debtor seeks the entry of an Order, pursuant to sections 327(a). 328, 329 and 331 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, authorizing the employment and retention of LLF to represent the Debtor as its bankruptcy counsel in connection with the filing of its Chapter 11 petition and the prosecution of its Chapter 11 case according to the terms and conditions of the agreement dated June 14, 2011, a copy of which is attached hereto as Exhibit B (the "Engagement Agreement").

## BASIS FOR RELIEF

6. The Debtor has selected LLF to represent it based on its experience and knowledge in the field. Representation of the Debtor is critical to the existence of the Debtor, as a corporation cannot represent itself in the Courts of Nevada. The Debtor desires to employ LLF under a general retainer because of the legal services that will be required in connection with the Debtor's Chapter 11 case.

## SERVICES TO BE RENDERED

7. The services of attorneys under a general retainer are necessary to enable the Debtor to execute its duties as debtor-in-possession. LLF will render various services to the Debtor including, among others, the following:

> a. Advise the Debtor with respect to its power and duties as debtor and debtor-in-possession in the continued management and operation of its business and properties;
> b. attend meetings and negotiate with representatives of creditors and other parties in interest advise and consult on the conduct of the Chapter 11 case, including all of the legal and administrative requirements of operating in Chapter 11;
> c. take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions

on their behalf, the defense of any actions commenced against the estate, negotiating concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

d. prepare on behalf of the Debtor all motions, applications, answer, orders, reports and paper necessary to the administrative of the estate;

e. if necessary negotiate and prepare on the Debtor's behalf plans(s) of reorganization, disclosure statement(s) and all related agreements and/or documents and take any necessary actions on behalf of the Debtor to obtain confirmation of such plan(s);

f. advise the Debtor in connection with any sale of assets;

g. appear before the Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtor's estate before such courts and the U.S. Trustee; and

h. perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

i. If necessary to convert the case to a Chapter 7.

8. To the best of the Debtor's knowledge, the attorneys of LLF (a) do not have any connection with the Debtor, its affiliates, its creditors, the United States Trustee or any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants, except fo the fact that Mr. Lisowski was a Panel Trustee in this District for over eight (8) years prior to his resignation from the Panel in August 2010 and the LLF is a "disinterested person", as that term is defined in section 101(14) of the Bankruptcy Code, and (c) does not hold or represent any interest adverse to the estate.

9. As more fully described in the Engagement Agreement, the Debtor retained LLF to continue and complete its bankruptcy filing. The Lisowski Frim Chtd. has previously been paid $10.000.00 by a Third Party. No funds of the Debtor were used to pay this fee.

10. LLF will file further fee applications, with this Court as warranted, specifically if the applicant is seeking fees from property of the estate.

...

...

...

11. LLF's fees are based in part on its guideline hourly rates, which are periodically adjusted. As of May 15, 2010, and as set forth in the Agreement, the hourly rates for Mr. Lisowski will be $400.00 per hour (reduced from $500.00 per hour). Associate attorneys at $250.00 per hour and $100.00 per hour for legal assistants and support staff. The hourly rates are subject to periodic increases in the normal course of the firm's business, often due to the increased experience of the particular professional. The hourly rates set forth above are the firm's standard bundled hourly rates for work of this nature. These rates are set at a level designed to compensate LLF for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses, including those items billed separately to other clients under the firm's standard rate structure. LLF will charge the Debtor separately for all other services. These charges and disbursements include, among other things, costs for telephone charges, photocopying (at a rate of $0.25 per page for black and white copies), travel, computerized research, messengers, courier, postage, witness fees and other fees related to trials and hearings.

12. LLF agrees to accept as compensation such sums as maybe allowed by the Court on the bases of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

13. In accordance with the terms of the Engagement Agreement, the Debtor seeks approval of the fee structure described herein pursuant to section 328 of the Bankruptcy Code.

14. Section 328(a) permits the Court to approve the fee structure proposed in the Engagement Agreement in connection with the Debtor's retention of LLF. This fee structure is reasonable based on the customary compensation charged by comparably skilled practitioners in cases outside of Chapter 11, as well as cases under Chapter 11, and has been approved and implemented in other Chapter 11 cases.

15. Other than as set forth above, no arrangement is proposed between the Debtor and LLF for compensation to be paid in these cases. The LLF has no agreement with any other entity other than the previously disclosed $10,000.00 paid by a third party for LLF's due diligence prior to hiring.

/ / /

/ / /

1. 16. The LLF will apply to the Court for allowance of compensation for professional services rented and reimbursement of expenses incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court.

WHEREAS, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to employ and retain LLF as its attorneys according to the terms and conditions set forth in this Application and the Engagement Agreement and for all other relief this Court may grant at the time of hearing on this matter.

**DATED** this 20 day of June, 2011.

Respectfully Submitted,
LISOWSKI LAW FIRM, CHTD.

By: _____
JAMES F. LISOWSKI, SR., ESQ.
Nevada Bar No.: 4321
1661 East Flamingo Rd., Suite #5-A
Las Vegas, Nevada 89119
(702) 737-6111
Attorneys for Chapter 7
Trustee, JAMES F. LISOWSKI, SR.

## CERTIFICATE OF SERVICE

I hereby certify that on the __20__ day of __June__, 2011, that a true and correct copy of the above and foregoing document was sent via ELECTRONIC MAIL to the following:

U.S. Trustee - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

I hereby certify that on the __20__ day of __June__, 2011, that a true and correct copy of the above and foregoing document was sent via REGULAR U.S. MAIL ELECTRONIC MAIL to the following:

Dept of Employment, Training and Rehab
Employment Security Division
500 East Third Street
Carson City, Nevada 89713

IRS
P.O. Box 21126
DPN 781
Philadelphia, PA 19114

Nevada Dept of Taxation, BK Section
555 E. Washington Ave., #1300
Las Vegas, Nevada 89101

J. Michael Heil
38888 Ridge Drive
Scio, OR 97374

MegAvail, Inc.
Attn: Paul Hauer
15223 S. Henrici Road
Oregon City, OR 97045-9513

US Attorney
701 E. Bridger Avenue
Las Vegas, Nevada 89101

Panos Industries, LLC
1350 East Flamingo Rd.
Las Vegas, Nevada 89119

R. Gordon Jones
1350 N. Bennett Circle
Farmington, UT 84025

SAALFELD GRIGGS PC
Randall P. Sutton, OSB
P.O. Box 470
Salem, OR 97308-0470

Clark County Assessor
500 South Grand Central Parkway
Las Vegas, Nevada 89155-1401

Clark County Treasurer
500 South Grand Central Parkway
P.O. Box 551220
Las Vegas, Nevada 89155-1401

*/s/ Leah Roberts*
Employee of Lisowski Law Firm, Chtd.