LISOWSKI LAW FIRM, CHTD.  E-FILED ON _August 5 2011_
James F. Lisowski, Sr., Esq.
Nevada Bar No.: 4321
1661 East Flamingo Road
Suite 5-A
Las Vegas, Nevada 89119
Email: lisowskilaw@aol.com
Phone: (702) 737-6111
Fax:    (702) 737-6112

Attorneys for Ad Systems Communications, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | CASE NO.:   BK-S-10-32725 BAM |
| AD SYSTEMS COMMUNICATIONS, ) | Chapter 11 |
| INC. ) | |
| ) | Date of Hearing: OST Pending |
| ) | Time of Hearing:OST Pending |
| ) | Place: Courtroom No. 3, Third Floor |
| Debtor. ) | Foley Federal Building |
| ) | 300 Las Vegas Blvd., S. |
| | Las Vegas, NV 89101 |

### MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION

Comes Now Debtor in Possession, Ad Systems Communications, Inc., by and through it's attorneys the Lisowski Law Firm, Chtd. and for it's instant motion alleges and states as follow;

1.  Debtor in Possession, Ad Systems Communication, Inc., (hereinafter referred as "Debtor") filed it's Chapter 11 bankruptcy petition on 12/06/10 and an Order for relief was entered.

2. Debtor filed for bankruptcy in large part due to a judgment granted against it in Oregon State Court in the approximate amount of $2,670,330.20.

3. Debtor recently hired the Lisowski Law Firm, Chtd., as it's new attorneys.

4. Upon it's retention, Debtor's new counsel immediately under took an effort to draft a Disclosure Statement and Plan so as to file it by August 15, 2011, the date on which the Debtor's exclusivity period expires.

5. Debtor's counsel concluded that it could not propose a workable Chapter 11 Plan in good faith without a significant capital infusion from a third-party.

6. Debtor has been unable to secure such an infusion to fund a Chapter 11 Plan at this time.

7. Debtor's primary Principle, J. Michael Heil has consulted with several Oregon based attorneys for purposes of filing his own personal Chapter 7 bankruptcy.

8. Debtor knowing that it could not propose a plan in good faith contacted it's various creditors and in particular MegAvail, Inc. who owns the $2,670,330.20 judgment against the Debtor and Principle, J. Michael Heil, individually.

9. MegAvail, Inc. realizing that it would receive little, if anything, out of a Chapter 7 liquidation has agreed to work with the Debtor outside of bankruptcy in hopes that the Debtor can generate enough excess cash flow to pay a portion of its debt.

10. The Debtor desires to dismiss its case to that it can be free from the administrative expenses involved in a Chapter 11 bankruptcy case to be able to pursue additional capital and to pursue new customers who are hesitant to do "business" with a bankrupt company.

11. The vast majority of the value of the Debtor consists of short term performance contracts which would be lost and have no value if the Debtor's bankruptcy case, would be converted to a Chapter 7 case.

12. Rather than waste the Court's valuable time by extending the exclusive period without a chance of proposing a feasible Plan, the Debtor instead requests that the Court dismiss this case so that the creditors have a chance to recover at lease a portion of what they are owed through the continued operations of the Debtor.

13. The dismissal of this case is in the best interest of creditors and existing employees.

### STATEMENT OF LAW

11 U.S.C. § 1112(b)(1) of the Bankruptcy Code states:

> . . . on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. §1112(b)(1)

11 U.S.C.§ 1112(b) further states:

> (4) for purposes of this subsection, the term "cause" includes
>
> (4)(j) failure to file a disclosure statement or to file or confirm a plan, within the time fixed by this title or by order of the court.

11 U.S.C. §1112(b)(4)(j)

As previously discussed, the debtor cannot in good faith file a Disclosure Statement and/or Plan by the Court ordered exclusivity date of August 15, 2011 as the Debtor has been unable to secure additional funding as long as it is in bankruptcy. It is in the best interests of creditors that the Debtor be allowed to dismiss it's case so that it can continue it's operations and attempt to sign new contracts with companies who are hesitant to do business with a company currently in bankruptcy. It is also in the best interest of creditors that the company pursue additional sources of investments by outside investors who do not wish to invest in a company that is currently in bankruptcy.

For the foregoing reasons, the Debtor respectfully requests that the Court grant it's Motion to Dismiss it's Chapter 11 Bankruptcy Petition and for any other relief this Court may grant at the time of hearing on this matter

**DATED** this 5th day of August, 2011.

Respectfully Submitted,
LISOWSKI LAW FIRM, CHTD.

By: _____
JAMES F. LISOWSKI, SR., ESQ.
Nevada Bar No.: 4321
1661 East Flamingo Rd., Suite #5-A
Las Vegas, Nevada 89119
(702) 737-6111