Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Bryan A. Lindsey, Esq.  
Nevada Bar No. 10662  
The Schwartz Law Firm, Inc.  
6623 Las Vegas Blvd. South, Suite 300  
Las Vegas, Nevada 89119  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Former Attorneys for the Debtor

E-Filed: August 30, 2011

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

In re:                                                            )   Case No.: 10-32725-BAM  
                                                                    )  
AD Systems Communications, Inc.,              )   Chapter 11  
                                                                    )  
        Debtor.                                             )   Hearing Date: September 13, 2011  
_____      )   Time of Hearing: 10:00 a.m.

**LIMITED OBJECTION OF THE SCHWARTZ LAW FIRM, INC. TO DEBTOR'S MOTION TO DISMISS CHAPTER 11 BANKRUPTCY PETITION**

The Schwartz Law Firm, Inc. ("**SLF**"), as former attorneys for the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby files its limited objection to the Debtor's Motion (the "**Motion**") to Dismiss Chapter 11 Petition, and respectfully states as follows:

**Preliminary Statement**

1. SLF has no objection to the dismissal of the Debtor's Chapter 11 case, except to the extent that it seeks to dismiss its case prior to the payment of all amounts due to administrative claimants. Respectfully, SLF requests that this Court condition the dismissal of the Debtor's case upon the payment in full of all administrative claims.

1

**Background**

2. On December 6, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession.

3. On January 26, 2011, this Court entered an order approving SLF's retention application as attorneys for the Debtor in the Debtor's Chapter 11 case (the "**Retention Order**"). See Docket No. 50.

4. On June 3, 2011, this Court approved SLF's motion to withdraw as counsel for the Debtor. See Docket No. 105.

5. On August 5, 2011, the Debtor filed its Motion seeking to dismiss this Chapter 11 case. See Docket No. 131.

6. On August 12, 2011, this Court entered an order, which approved and allowed SLF's fees and costs in this Chapter 11 case from December 7, 2010 through June 3, 2011. See Docket No. 141 (the "**Fee Approval Order**").

7. As of August 30, 2011, the Debtor still owes SLF $30,416.84 for fees and costs incurred in the Chapter 11 case.

**Argument**

**The Bankruptcy Court is a Court of Equity and Should Not Allow the Debtor to Avoid Paying Its Incurred Administrative Expenses**

8. In accordance with Section 1112(b), the Court may not dismiss a Chapter 11 case if it finds unusual circumstances that indicate dismissal is not in the best interest of creditors and the estate. 11 U.S.C. § 1112(b). Dismissal here is not in the best interests of administrative creditors. Moreover, the bankruptcy court is a court of equity, and he who comes into equity must come with clean hands. In re Hat, 363 B.R. 123, 139 (Bankr. E.D. Cal.

2007). Here, the Debtor seeks the equitable remedy of dismissal of its case, but in order to do so, the Debtor should do equity and pay the costs associated with its bankruptcy. See Id., citing Kendall-Jackson Winery, Ltd. v. Superior Court, 90 Cal.Rptr.2d 743 (Cal.Ct.App. 1999).

9.      In other words, cause may not exist to dismiss the case under 1112(b) until administrative claims are paid. Accordingly, until the Debtor acts equitably and pays the administrative expenses of the estate, the Court should deny the Motion.

**SLF's Fees and Costs are an Administrative Expense of the Estate
that Must Be Paid Prior to Dismissal of this Chapter 11 Case**

10.     In accordance with the Retention Order and the Fee Approval Order, and pursuant to sections 503(b)(1)(A) and (b)(2) of the Bankruptcy Code, SLF's fees are an administrative expense of the Debtor's estate. The Retention Order further provides that SLF be compensated in accordance with Sections 330 and 331 of the Bankruptcy Code, and that SLF is entitled to be paid its fees as provided in its engagement agreement with the Debtor.

11.     In accordance with the Retention Order, SLF served as the Debtor's attorneys in the bankruptcy case and provided all of the services enumerated in SLF's final fee application, Docket No. 119. Indeed, SLF preserved the value of the Debtor's estate during the time it served as the Debtor's bankruptcy counsel and this Court approved all of SLF's fees. Accordingly, until SLF's fees are paid, this Court should not allow the Debtor to dismiss is Chapter 11 case and avoid the payment its incurred administrative expenses.

///

///

///

///

WHEREFORE, the SLF respectfully requests that the Court enter an order denying the Motion, or in the alternative, requiring the administrative expenses of the estate to be paid prior to any dismissal of the Debtor's Chapter 11 case.

Dated this 30th day of August, 2011.

Respectfully Submitted,

/s/Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Former Attorneys for the Debtor

Case 10-32725-bam    Doc 145    Entered 08/30/11 17:32:17    Page 5 of 5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via ELECTRONIC MAIL to the following on August 30, 2011:

JEFFREY H BOILER on behalf of Debtor AD SYSTEMS COMMUNICATIONS INC.
jboiler@boilerlawfirm.com

THOMAS H. FELL on behalf of Creditor MEGAVAIL, INC.
BANKRUPTCYNOTICES@GORDONSILVER.COM;bknotices@gordonsilver.com

KURTZMAN CARSON CONSULTANTS, LLC
ecfpleadings@kccllc.com, kchow@kccllc.com;redwards@kccllc.com;abrooks@kccllc.com

JAMES F. LISOWSKI on behalf of Attorney LISOWSKI LAW FIRM, CHTD
jfltrustee@aol.com, NV15@ecfcbis.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

/s/ Janine Lee
     Janine Lee