LISOWSKI LAW FIRM, CHTD.                     E-FILED ON: September 6, 2011
James F. Lisowski. Sr.. Esq.
Nevada Bar No.: 4321
1661 East Flamingo Road
Suite 5-A
Las Vegas. Nevada 89119
Email: lisowskilaw@aol.com
Phone: (702) 737-6111
Fax:    (702) 737-6112

Attorneys for Ad Systems Communications. Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.:    BK-S-10-32725 BAM |
| AD SYSTEMS COMMUNICATIONS. INC. | Chapter 11 |
| | Date of Hearing: September 13. 2011 |
| | Time of Hearing: 10:00 a.m. |
| | Place: Courtroom No. 3. Third Floor |
| Debtor. | Foley Federal Building |
| | 300 Las Vegas Blvd., S. |
| | Las Vegas. NV 89101 |

### REPLY TO LIMITED OBJECTION OF THE SCHWARTZ LAW FIRM, INC. TO MOTION TO DISMISS CHAPTER 11 BANKRUPTCY PETITION

Comes Now Debtor in Possession. Ad Systems Communications. Inc., by and through it's attorneys the Lisowski Law Firm, Chtd, and for it's instant reply alleges and states as follow:

**I.    BACKGROUND.**

The Debtor in Possession. (hereinafter referred as the "Debtor") has moved for a dismissal due to the fact that it cannot propose a workable Chapter 11 bankruptcy plan. The Debtor's business is a service business that provides advertising to cable subscribers. The company has little if any liquidation value. The company has been significantly impacted due to the fact that many of it's customers are either unwilling or hesitant to enter into advertising contracts while the company is "in bankruptcy". Ad Systems Communications, Inc's competitors have used this fact to attempt to drive away it's current clients.

The Debtor has also been unable to attract a new capital infusion due to it's bankruptcy filing. A dismissal would pave the way for the ability to form joint ventures and partnerships with other companies. The Debtor's main creditor MegaAvail. Inc has come to the realization that if this case is converted to a Chapter 7, it will receive little if anything from a liquidation. In turn, it has instead chosen to work with the Debtor outside of bankruptcy and in conjunction with the Debtor in hopes that the Debtor's business can be improved and that the Debtor can receive additional capital infusions as it is a publicly traded entity.

## II.    THE SCHWARTZ LAW FIRM IS NOT THE ONLY ADMINISTRATIVE CREDITOR IN THIS CASE.

The Schwartz Law Firm is not the only administrative creditor in this case. A check of the "docket sheet" in this case reveals that other entities have been approved by the Court and are owed significant administrative fees. The Schwartz Law Firm employed Kurtzman Carson Consultants, LLC for the Debtor. In addition, Cane Clark, LLC is employed as Special Securities Counsel. Jeffrey Boiler as Special Litigation Counsel, and Sadler, Gibb and Associates as Auditors. The Lisowski Law Firm, Chtd. has also been employed as the Debtor's successor general counsel. None of the other professionals in this case have objected to the dismissal of this case. All of these creditors have the same administrative priority pursuant to 11 U.S.C. § 726(a). The Schwartz Law Firm however has the distinction of being the only one of these entities to have been paid by the Debtor.

In a Chapter 7 liquidation little if any value would be realized from the sale of assets as this Debtor is a business services advertising company. If the company were to cease business operations any value that could be obtained for the it's equipment would be minimal at best. Pursuant to 11 U.S.C. § 726(a), the Chapter 7 Trustee, his professionals including his attorneys and auctioneer and the United States Trustee's Chapter 11 fees would all trump any payment to Chapter 11 administrative creditors. The Schwartz Law Firm, in all likelihood, would not receive any additional fees and in fact would be subject to disgorgement of the fees that they have already been paid as the Chapter 7 fees are a higher priority and all Chapter 11 fees would end up being paid pro-rata amongst all of the other Chapter 11 administrative creditors noted above.

### III. THE COURT SHOULD NOT ACT AS A COLLECTION AGENCY FOR THE BENEFIT OF ONE CREDITOR.

As noted above. there are numerous other administrative creditors in this case that share a greater or common priority with the Schwartz Law Firm.  Yet the Court is being asked to condition any dismissal on the payment of one creditor's administrative claim.

The Schwartz Law Firm states in it's opposition that the dismissal being sought "is not in the best interest of creditors".  The dismissal may not be in the best interest of the Schwartz Law Firm but is certainly in the best interest of all of the other creditors.  MegAvail, Inc who is owed millions of dollars and is by far the biggest creditor does not object to the dismissal.  As the Debtor would not be able to pay all of it's administrative claims on the effective date of the plan. (due to it's loss of business and ability to attract new business and capital) the only alternative would be conversion which would clearly not be in the best interest of creditors including the Schwartz Law Firm.  As with all other creditors. The Schwartz Law Firm will still have all of it's normal state law remedies in regards to any amounts that it claims are owed by the Debtor.  It will be in no worse shape as a result of the dismissal.  The Court should not favor one creditor over all of the others and act as a "collection agency" by conditioning the dismissal on one creditor's payments to the detriment of all other creditors.

For the foregoing reason. the Debtor requests that the Court dismiss this case as being in the best interest of all creditors and for any other relief the Court may grant at the time of hearing on this matter.

**DATED** this 6th Day of September. 2011.

Respectfully Submitted.
LISOWSKI LAW FIRM, CHTD.

By:
JAMES F. LISOWSKI. SR., ESQ.
Nevada Bar No.:  4321
1661 East Flamingo Rd., Suite #5-A
Las Vegas, Nevada 89119
(702) 737-6111