Kurtzman Carson Consultants LLC
Drake D. Foster
2335 Alaska Avenue
El Segundo, California 90245
(310) 823-9000
dfoster@kccllc.com

**RECEIVED AND FILED**

**AUG 3 1 2011**

**U.S. BANKRUPTCY COURT**
**MARY A. SCHOTT, CLERK**

Notice, Claims and Solicitation Agent for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>**AD SYSTEMS COMMUNICATIONS, INC.,**<br><br>Debtor. | Case No.   10-32725-BAM<br><br>Chapter 11 Case<br><br>**LIMITED OBJECTION OF KURTZMAN CARSON CONSULTANTS, LLC TO DEBTOR'S MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PETITION**<br><br>Hearing:<br><br>Date:  September 13, 2011<br>Time: 10:00 a.m. |

REC'D By CAI 9/12/11

Kurtzman Carson Consultants, LLC ("KCC"), notice, claims and solicitation agent ("Claims Agent") to the Debtor, Ad Systems Communications, Inc. (the "Debtor"), hereby submits this limited objection in response to the Debtor's Motion to Dismiss Chapter 7 Bankruptcy Petition, filed on August 5, 2011 (Docket No. 131 (the "Motion").

## Preliminary Statement

KCC has no objection to the motion other than to the extent it seeks to dismiss this case prior to payment of KCC's administrative expense priority claims. The Debtor has a court-ordered responsibility to pay KCC for the Claims Agent services provided since December of 2010. The Court should not countenance any attempt to evade payment to KCC when such issue is foreclosed by this Court's order.

## Background

On December 6, 2010, the Debtor filed a voluntary petition pursuant to chapter 11 of the United States Bankruptcy Code thereby commencing the chapter 11 case (the "Petition Date"). Concurrently with the filing of its voluntary petition, the Debtor filed an application seeking the Court's authorization to retain KCC as notice, claims, and solicitation agent for the Debtor pursuant to a contract entered into on November 29, 2010 between the Debtor and KCC (the "Services Agreement"), which application also set forth the Debtor's requested process for timely compensating KCC for such services as an administrative creditor. On January 26, 2011, the Court entered an order approving the Debtor's retention of KCC and establishing the explicit process by which the Debtor would compensate KCC (the "Retention Order") (Docket No. 51) The Retention Order authorizes the Debtor to compensate KCC in accordance with the Services Agreement, upon KCC's submission to the Debtor of invoices summarizing in reasonable detail the services and expenses for which compensation is sought, as an administrative creditor of the Debtor's estate. The Services Agreement states that that the amount invoiced is due and payable upon the Debtor's receipt of the invoice.

At the Debtor's direction, KCC provided services to the Debtor following the Petition Date. KCC also provided the Debtor with timely invoices, to which the Debtor has never raised any concern, regarding quality of service, cost of service or otherwise. However, despite this and the terms of the Retention Order, the Debtor has to date failed to pay any of KCC's invoices despite numerous requests.

On July 21, 2011, having not received any payment for fees and expenses from the Debtor, KCC filed its Application for Administrative Expenses in the amount of $25,355.12 (the "Application") (Docket No. 124). On August 5, 2011, the Debtor filed the Motion which, if successful, could remove the Application from the Court's oversight.

### Argument

### I. THE DEBTOR SHOULD NOT HAVE ITS CASE DISMISSED WITHOUT FIRST PAYING FOR THE BENEFITS OF ITS BANKRUPTCY ADMINISTRATION

Although the Debtor's current Motion is written as though on a clean slate, the Debtor is constrained by the Retention Order the Debtor requested from this Court in its pursuit to reorganize. The Debtor's case should not be dismissed prior to satisfying the terms of the Retention Order.

#### A. The Retention Order is Binding on the Debtor.

The Retention Order, which the Debtor requested, provides that pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC incurred under the Services Agreement (as defined in the motion to retain KCC) are an administrative expense of the Debtor's estate to be paid by the Debtor in the ordinary course.

The Retention Order further provides that KCC shall be paid in the ordinary course upon the submission to the Debtor of invoices summarizing in reasonable detail the services and expenses for which compensation is sought unless the Debtor timely objects to such invoices.

The Debtor has never objected to any of KCC's invoices, formally or informally.

3

The Debtor has never paid any of KCC's invoices and has accrued a balance of $25,355.12. Yet, the Debtor has continued to utilize KCC's services. The Debtor is in violation of the Retention Order and should not be allowed to dismiss its bankruptcy case while willfully ignoring the Court's order.

### B. The Debtor Sought and Received Bankruptcy Protection and Must Pay for the Services it Utilized Before Dismissal of its Bankruptcy Case.

Since its retention in this chapter 11 case, KCC has provided a variety of services to the Debtor and the estate at the Debtor's request, including preparing and serving the required notices and various pleadings in the bankruptcy case, and maintaining and providing public access to the claims register for this bankruptcy case. Despite lack of any payment, KCC, in good faith, has continued to provide services to the Debtor, honoring and relying on the Services Agreement entered into with the Debtor as well as the Retention Order.

In the Motion, the Debtor states that it "desires to dismiss its case so that it can be free from the administrative expenses involved in a Chapter 11 bankruptcy case to be able to be pursue additional capital . . ." See Motion, ¶10. The Debtor, however, chose to enter the chapter 11 process for its own purposes and made use of the chapter 11 process, as well as KCC's services, for several months before determining that it has no further need for the chapter 11 process. While it may make sense for the Debtor to avoid future administrative expenses, such a decision today does not erase the administrative expenses accrued in the past; the Debtor cannot in good conscience, or in compliance with this Court's orders, walk away from its bankruptcy case without paying the notice, claims and solicitation agent that it requested this Court appoint to assist in its reorganization.

### C. This is a Court of Equity, and Allowing the Debtor to Dismiss its Bankruptcy Case Without Paying its Administrative Expenses is Not Equitable.

If the Debtor does not pay KCC now for its services, it is safe to assume that the Debtor will not pay KCC after dismissal of the Debtor's bankruptcy case. Therefore, any order approving the Motion that does not compel prior payment of KCC's invoices will leave KCC

4

with only one path – to initiate litigation in state court to get paid. Of course this state court path is an unnecessarily cumbersome and expensive process when this Court can simply adjudicate the matter right now. Even if equity didn't support this Court's review of KCC's Application prior to consideration of the Debtor's Motion, this Court has jurisdiction over the Retention Order and the Application and it is quite possible that the state court would refuse to hear it, which, after much time and expense, would place KCC's Application back in front of this Court.

Even assuming the state court agreed to hear the Application, which would be a breach of contract case, KCC would have to educate the state court on the chapter 11 process and the role of a claims agent in that process. Based on the clear language of the Services Agreement, this Court's confirmation of the Services Agreement in the Retention Order, and the facts at hand (including the non-objection to submitted KCC invoices), the state court would grant KCC judgment. Moreover, the state court litigation would actually increase the Debtor's costs because of the attorneys' fees that the Debtor would be responsible to pay. See Services Agreement ¶ XVIII. However, even that would not end the cumbersome project as KCC would still have to collect on that judgment.

It is far more equitable for this Court to adjudicate this matter now and to require the Debtor to honor the Services Agreement and the Retention Order. In addition to the clear position of equity here, granting the Debtor's Motion without adjudicating the Application leads to a moral hazard in future cases. Specifically, if a debtor knows that the Bankruptcy Court will allow the debtor to accrue administrative expenses (which the debtor might extend to other administrative creditors, like the United States Trustee) and then dismiss its case without paying those creditors, the debtor may delay the case dismissal as long as possible, reap the rewards of the automatic stay and other bankruptcy provisions for as long as possible, and then seek to dismiss the case with impunity.

5

WHEREFORE, KCC respectfully requests that this Court enter an order denying the Debtor's motion to dismiss unless and until the Debtor pays for the services provided by KCC and granting such other and further relief as is just.

Dated: August 30, 2011          Respectfully Submitted,

KURTZMAN CARSON CONSULTANTS LLC

Drake D. Foster
General Counsel for Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245
(310) 823-9000
dfoster@kccllc.com